**Electronically Filed
Intermediate Court of Appeals
29669
28-FEB-2013
08:07 AM**

NO. 29669

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DANIEL A. REEVES, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CRIMINAL NO. 08-1-0181(3))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Daniel A. Reeves ("Reeves") appeals from the Judgment; Conviction and Probation Sentence; Notice of Entry, filed on January 29, 2009, in the Circuit Court of the Second Circuit ("Circuit Court").[1] A jury convicted Reeves of Unauthorized Entry into Motor Vehicle in the First Degree ("UEMV-1"), in violation of Hawaii Revised Statutes ("HRS") § 708-836.5, and Criminal Property Damage in the Fourth Degree, in violation of HRS § 708-823.

On appeal, Reeves alleges that (1) there was insufficient evidence to support his conviction for UEMV-1, (2) the Circuit Court erred by admitting evidence of subsequent bad acts, (3) the Circuit Court erred by failing to instruct the jury regarding a lesser included offense, and (4) the prosecution committed prejudicial misconduct in its closing statement.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Reeves's points of error as follows:

(1) The State concedes that the evidence was

---

[1] The Honorable Joseph E. Cardoza presided.

insufficient to convict Reeves for UEMV-1, but contends that, on remand, this court should direct the Circuit Court to enter judgment against Reeves for the lesser included offense of Unauthorized Entry into Motor Vehicle in the Second Degree ("UEMV-2"), in violation of HRS § 708-836.6.[2] For the reasons discussed below, we agree that there was insufficient evidence to convict Reeves of UEMV-1. Furthermore, there is no appropriate basis to remand for judgment against Reeves of UEMV-2.

I. Background

At trial, there was undisputed evidence that Reeves, Jacob Ross ("Ross"), Christian Craig ("Craig"), and Brandon Helt ("Helt") together damaged the unattended car belonging to Brett Reece ("Reece") on October 19, 2007. Ross testified that earlier that evening, Reece had appeared at his house where several of the companions, as well as Reece's then-girlfriend, Christina Fournier ("Fournier"), were located, and that Reece had caused a scene and upset Fournier and the others. Fournier and Reeves had previously dated, and the two were spending time together that evening, along with Ross, Craig, and Helt. Most, if not all, had been consuming alcohol,[3] and some were highly intoxicated. The five of them eventually headed on foot towards the nearby beach; en route, they passed Reece's parked car. The group stopped while Ross and Craig let the air out of two of Reece's tires. After continuing on and spending some time at the beach, they returned, again passing Reece's car. This is when the four men proceeded to further vandalize it.

Combined, they let the air out of the remaining tires, smashed windows, removed items from the trunk and glove box, poured oil and soda inside the car, wrote on the car, and urinated in the gas tank. There was no evidence that Reeves's participation extended beyond that to which he admitted at

---

[2] The sole difference between the two offenses is that UEMV-1 requires that the unlawful entry proscribed by UEMV-2 be committed "with the intent to commit a crime against a person or against property rights." Compare HAW. REV. STAT. § 708-836.5 (Supp. 2012), with § 708-836.6.

[3] There is conflicting evidence as to whether Reeves consumed much, if any, alcohol that night.

trial—that he used his skateboard to smash three of the windows and wrote profanity on the outside of the car. Reeves acknowledged that he did these acts out of anger towards Reece.

Testimony suggests that the participants' acts were spontaneous. Regarding his participation, Ross stated: "For me, it was kind of an in-the-moment thing. . . . It just kind of happened." Regarding the sequencing of each person's acts, Craig testified: "[I]t's hard to say exactly who did what at any given time. Everybody was kind of doing their own thing." Reeves testified that "the damage to the car was spur of the moment." There was no testimony that Reeves or any of his companions said anything prior to or during this incident regarding any intent or plan to damage Reece's car.

At the close of evidence, in a colloquy with the court, the State asserted that it was pursuing only accomplice liability on the UEMV-1 charge. The jury was instructed accordingly. In its closing argument, the State argued that Reeves's act of smashing windows evinced his intent to aid his companions' unlawful entry into the car.[4] The jury convicted Reeves of UEMV-1 and Criminal Property Damage in the Fourth Degree.

II. UEMV-1

The State concedes error on this point. Nevertheless, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" *State v. Veikoso*, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting *State v. Hoang,* 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's concession of error "is not binding upon an appellate court[.]" *Hoang*, 93 Hawai'i at 336, 3 P.3d at 502 (quoting *Territory v. Kogami*, 37 Haw. 174, 175 (Haw. Terr. 1945)) (internal quotation marks omitted).

---

[4] HRS § 702-222 provides that "[a] person is an accomplice of another person in the commission of an offense if . . . [w]ith the intention of promoting or facilitating the commission of the offense, the person . . . [a]ids or agrees or attempts to aid the other person in planning or committing it[.]" HAW. REV. STAT. § 702-222(1)(b) (1993).

The State had the burden of proving that it was Reeves' intent to promote or facilitate his companions' entry into the car. *See* HAW. REV. STAT. §§ 702-222, 708-836.5. For us to affirm, the State must have produced such proof of Reeves' intent as might "enable a person of reasonable caution to . . . conclu[de]" that Reeves was guilty beyond a reasonable doubt. *State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998). This it failed to do.

The State's case hinged on circumstantial evidence of Reeves's intent. In such cases, "proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." *State v. Gomes*, 117 Hawai'i 218, 227, 177 P.3d 928, 937 (2008) (quoting *State v. Bui*, 104 Hawai'i 462, 467, 92 P.3d 471, 476 (2004)) (internal quotation marks omitted). Relatedly, inferences drawn from circumstantial evidence must be justifiable. *See State v. Grace*, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting *State v. Ferrer*, 95 Hawai'i 409, 422, 23 P.3d 744, 757 (App. 2001)); *see also Curley v. United States*, 160 F.2d 229, 232 (D.C. Cir. 1947) ("The functions of the jury include . . . the drawing of justifiable inferences of fact from proven facts. . . . The jury may not be permitted to conjecture merely, or to conclude upon pure speculation . . . .").

Here, as the State acknowledges, "there was no evidence to show that Reeves intended to aid or agree or attempt to aid the others at the time he broke the windows. The evidence indicates that there was spontaneous activity at the time [Reece's] vehicle was discovered and Reeves started hitting the vehicle." On balance, what evidence exists is entirely equivocal. Reeves was angry. The others had been agitated by Reece's earlier appearance. They were also intoxicated, some heavily. Undisputed testimony establishes that they acted spontaneously, in-the-moment, and that they were each "doing their own thing." On these facts, the jury cannot have reasonably or justifiably inferred that by smashing the car's windows, Reeves intended that his companions would thereby gain access to the car, any more than we might infer that he did so

purely as a destructive exercise of anger. *See Curley*, 160 F.2d at 234 ("[I]f, upon the whole of the evidence, a reasonable mind must be in balance as between guilt and innocence, a verdict of guilty cannot be sustained."). Evidence that leads to a finding of guilt only by way of an inference untethered to reason cannot "enable a person of reasonable caution" to conclude guilt beyond a reasonable doubt. We therefore hold that the State's concession of error is well taken and there was insufficient evidence to convict Reeves of UEMV-1.[5]

II. UEMV-2

The State contends that Reeves concedes on appeal that there was sufficient evidence to warrant remanding for judgment against him of the lesser included offense of UEMV-2. The State appears to allude to a statement in Reeves' opening brief, in which he argues that the Circuit Court erred by not giving a lesser included offense instruction for UEMV-2: "It is submitted that the evidence does support the lesser included [jury] instruction and it should have been given." However, surmising that a rational basis exists for "a verdict acquitting [Reeves] of the offense charged and convicting [him] of the [lesser] included offense," *see* HAW. REV. STAT. § 701-109 (1993), does not necessarily imply that there is *substantial* evidence upon which a conviction may rest.

Moreover, the same defect in the State's case for UEMV-1 precludes us from finding sufficient evidence to remand for a conviction on UEMV-2. The State pursued an accomplice liability theory and the jury was instructed accordingly. *Supra*, at 3. In order to convict Reeves of UEMV-2 under an accomplice liability theory, there must have been substantial evidence that he had the intent to promote or facilitate unlawful entry by others into Reece's car. But, as the State conceded with respect to the

_____

[5]   We remain cautious about disturbing a jury's verdict for want of sufficient evidence, and, accordingly, are aware that distinguishing between speculation and legitimate inference can be a delicate task. *See Curley*, 160 F.2d at 233. Here, however, we are also mindful that, in light of the State's closing argument, the jury may well have misapprehended its essential task. Because we hold that there was insufficient evidence to convict Reeves, we need not, and do not, reach the question of whether the State's argument amounted to prosecutorial misconduct.

UEMV-1 conviction, there was no substantial evidence demonstrating that intent. *See supra.*

III. Remaining Points of Error

Because we find the lack of sufficient evidence to sustain Reeves's conviction for UEMV-1 dispositive of this appeal, we need not reach his remaining points of error.

Therefore,

IT IS HEREBY ORDERED that Reeves's conviction for Unauthorized Entry into Motor Vehicle in the First Degree is reversed.

DATED: Honolulu, Hawai'i, February 28, 2013.


On the briefs:

Matthew S. Kohm
for Defendant-Appellant


Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

6